UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE L. BATTLES,

    Plaintiff,

v.                                             Case No.  3:14cv521/MCR/CJK

MICHAEL D. CREWS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a third amended civil rights complaint under 42 U.S.C. § 1983.  (Doc. 13).  Upon review of the complaint, the court concludes that plaintiff's claims against defendants Crews, Whitehurst, Myers, Asencio and Carter should be dismissed for failure to state a claim upon which relief can be granted, and that plaintiff's claim against defendant Foskey should be remanded to the undersigned for further proceedings.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is an inmate of the Florida penal system currently confined at Walton Correctional Institution (Walton CI).  Plaintiff's third amended complaint names six defendants:  Michael D. Crews, former Secretary of the Florida Department of Corrections (DOC); William Whitehurst, Warden of Walton CI; Woodrow Myers,

M.D., Chief Executive Officer of Corizon Health; Dr. Asencio, a physician at Walton CI; Paula Foskey, Health Services Administrator at Walton CI; and Jeannie Carter, a nurse at Walton CI. (Doc. 13, pp. 1-3).[1]  Plaintiff claims the defendants were deliberately indifferent to his serious medical needs when plaintiff was denied surgery to remove keloid growths from his face, chest and back. As relief, plaintiff seeks damages, injunctive relief and any other relief the court deems just and equitable. (Doc. 13, pp. 17-18). Plaintiff alleges the following facts in support of his claims.

On December 22, 2013, plaintiff submitted a request to the Walton CI medical department seeking the status of an evaluation to have keloid growths surgically removed from his face, chest and back. (Doc. 13, p. 14). Defendant Foskey responded to plaintiff's request: "Consult was not approv[ed] at this time." (*Id*.). On January 27, 2014, plaintiff submitted another request "asking about status of surgery recommendation for above reference[d] keloids growth." (*Id*.). Defendant Foskey responded, "It's has [sic] been decided that surgery is not prudent[.]  [S]ince the keloids are 'recurrent' surgery poses more risk to your health than keloids." (*Id*.). On March 12, 2014, plaintiff signed up for sick call complaining that the keloids were causing him pain and requesting that they be surgically removed. (*Id*.). Plaintiff was seen by defendant Nurse Carter, who gave plaintiff several Ibuprofen and a tube of "Hydrocortine [sic] Anti-Itch cream", and referred plaintiff to a doctor. (*Id*). Plaintiff saw Dr. Velichez on March 17, 2014, who indicated he would refer plaintiff to Corizon for surgery. (*Id*.). On April 7, 2014, plaintiff submitted a request to the

---

[1] References to page numbers of the third amended complaint are to those assigned by the electronic docket.

Walton CI medical department seeking the status of Dr. Velichez's referral. (*Id*., p. 15). On April 8, 2014, defendant Foskey responded: "Surgery is still not recommended." (*Id*., p. 15). Plaintiff complains that Foskey's response failed to advise him of "essential facts" such as who made the decision to refuse surgery and how surgery poses a risk to his health. (*Id*.). Plaintiff admits he received keloid removal surgery in 2010, and that the keloids have grown back over the past four years. (*Id*., p. 16). Plaintiff believes the denial of surgery constitutes deliberate indifference, because it "refus[es] to consider the 'mental anguish' factor attendant to the quality of life." (*Id*.). Plaintiff further states that the keloids "substantially diminish Plaintiff['s] capacity to value his life"; "cause Plaintiff to loath his existence"; cause plaintiff extreme and constant pain and "are constantly running puss"; and have grown so large that plaintiff is unable to sleep due to pain associated with lying on them. (*Id*., pp. 15-16).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all

reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice.  5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008).  Further, only well pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting   Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009))); *see also Randall v. Scott*, 610 F.3d 710, 709-10 (11th Cir. 2010) (holding that a district court determining whether to dismiss a complaint for failure to state a claim "shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations."); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also*.

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

Taking the allegations of plaintiff's third amended complaint as true and construing them in the light most favorable to him, the complaint fails to state a plausible medical deliberate indifference claim against defendants Crews, Whitehurst, Myers, Asencio, or Carter. A prisoner claiming he was deprived of medical care in violation of the Eighth Amendment must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (*citing Hill v. Dekalb Reg'l Youth Det. Ctr*, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002)); *see also Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (holding that a serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm.").

Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow*, 320 F.3d at 1245 (quotations omitted). The Supreme Court has emphasized that the official must have been actually aware of the risk of harm: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Allegations of negligence and medical malpractice do not state a plausible claim for relief under the Eighth Amendment or § 1983. *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

Delay in providing "medical treatment known to be necessary" can qualify as deliberate indifference. *H.C. ex rel. Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986); *see also Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) ("[I]f necessary medical treatment has been delayed for non-medical reasons, a case of deliberate indifference has been made out."). That delay, however, must be "tantamount to unnecessary and wanton infliction of pain," and "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of [the] delay in medical treatment." *Hill* at 1188. The Eleventh Circuit has found cognizable deliberate indifference claims when the prison officials delayed treatment for life-threatening emergencies and in "situations where it is apparent that delay would detrimentally exacerbate the medical problem." *Hill* at 1187.

Even assuming, without deciding, that plaintiff's condition constitutes a serious medical need, plaintiff's allegations do not state a plausible claim of medical deliberate indifference against former Secretary Crews, Warden Whitehurst, CEO

Myers, or Dr. Asencio. Plaintiff's theory of liability against these defendants is that they, as supervisors, have the ultimate authority to ensure their employees are properly trained and providing care according to the policies and procedures of the entities they supervise. (Doc. 13, pp. 7-12). "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir.2003) (internal quotation marks omitted). "Instead, to hold a supervisor liable a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047-48 (11th Cir. 2014).

> The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Cottone*, 326 F.3d at 1360 (internal quotation marks omitted) (citations omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks omitted). The factual allegations of the complaint must plausibly show that the supervisory official acted with the same mental state required to establish a constitutional claim against the subordinate. *Franklin v. Curry*, 738 F.3d 1246, 1249 (11th Cir. 2013) (holding that to state a claim under § 1983 against

a supervisor for the violation of the plaintiff's constitutional rights, the court must first identify the precise constitutional violation charged, *e.g.*, deliberate indifference, and then determine whether the complaint alleges the required elements against the supervisor).

In order to prove that defendant Crews, Whitehurst, Myers, or Asencio violated plaintiff's constitutional rights, plaintiff must show that the particular defendant had subjective knowledge of a risk of serious harm to plaintiff and that the defendant recklessly disregarded that risk. *See Keith v. Dekalb Cnty., Ga.*, 749 F.3d 1034, 1048 (11th Cir. 2014) (applying that standard to deliberate indifference claim against sheriff). Plaintiff's allegations do not associate any of these defendants with the actual decision to deny him surgery or with any other decision relating to treatment of the keloid condition. Thus, if these defendants are to be held liable, they must be shown to have failed to correct a widespread pattern of constitutional violations. *Cottone*, 326 F.3d at 1360.[2]

Plaintiff argues that a history of widespread abuse is established by "numerous complaints from countless inmates concerning their substandard and insufficient medical treatment or fatal lack thereof", and by "the fourteen hundred [sic] (1400) inmate deaths within the last four (4) years." (Doc. 24, pp. 7-11). These generalized allegations of inmate complaints and deaths are insufficient to raise a reasonable inference that DOC or Corizon medical staff were recklessly incompetent or consistently denying needed medical care. Plaintiff's allegations do not raise a

---

[2]Plaintiff does not allege that defendants Crews, Whitehurst, Myers, or Asencio adopted a custom or policy that deprived plaintiff of his constitutional rights, that they directed their subordinates to act unlawfully, or that they knew their subordinates would act unlawfully and failed to stop them from doing so.

reasonable inference that Crews, Whitehurst, Myers, or Asencio "had actual or constructive notice of a flagrant, persistent pattern of violations" of the DOC's or Corizon's policies. *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1332 (11th Cir. 2007).

Plaintiff also fails to state a plausible Eighth Amendment claim against Nurse Carter. Plaintiff admits Carter treated plaintiff's alleged discomfort with medication, and responded to plaintiff's request for surgery by referring him to a doctor. Plaintiff's allegations do not remotely suggest that Nurse Carter denied him surgery, nor has plaintiff shown that the care Carter provided was "very unreasonable in light of a known risk" of harm or suffering. *Hardin v. Hayes*, 52 F.3d 934, 939 (11th Cir. 1995) (*citing Farmer*, 114 S. ct. at 1978-79). Plaintiff's allegations do not reasonably support an inference that Nurse Carter was deliberately indifferent to his condition.

Remaining is plaintiff's claim against defendant Foskey. Plaintiff's allegations establish that Foskey, as Health Services Administrator, communicated the decision to deny plaintiff surgery, but they do not raise a reasonable inference that it was Foskey herself who denied surgery or other care. In a previous amend order issued January 20, 2015 (doc. 7), the undersigned advised plaintiff that he should review his medical records to determine the identity(ies) of the medical personnel responsible for denying him surgery or other appropriate care. *See* FLA. ADMIN. CODE r. 33-401.710(3)(a) ("An inmate desiring access to his or her own medical file or Reception Medical Center hospital file shall submit a written request using Form DC6–236, Inmate Request, to the health services administrator or his or her designee."). It is apparent plaintiff has not done this, as his allegations are almost identical to those of his original complaint and plaintiff makes no mention of having made such effort (or the result). Rather, plaintiff continues to complain that Foskey's

April 8, 2014 response did not specify who made the decision to deny him surgery. (Doc. 13, p. 15).  The court nonetheless recommends that defendant Foskey be maintained as a defendant in this action for the sole purpose of allowing plaintiff to conduct discovery to ascertain the identity(ies) of the individual(s) involved in determining the course of treatment for plaintiff's keloids, including the decision to deny him surgery.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's claims against defendants Crews, Whitehurst, Myers, Asencio and Carter be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted, and that these defendants be terminated from this lawsuit.

2.  That this case be remanded to the undersigned for further proceedings.

At Pensacola, Florida this 12th day of May, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).